[Civ. No. 11247.   First Dist., Div. Two.   Jan. 15, 1942.]

GUS JOHNSON et al., Appellants, v. RICHARD J. CA-MUFFO et al., Respondents.

John E. Truman for Appellants.

Walter McGovern for Respondents.

DOOLING, J. pro tem.—The question presented on this appeal is purely a factual one. Appellant Gus Johnson and respondent Elizabeth Petzold, who will be hereinafter re-

ferred to as Johnson and Petzold, had engaged in a long series of business transactions prior to August 7, 1933. On that date they entered into an agreement of settlement of their respective claims which contained the following provision:

"First party (Petzold) consents that F. R. Webb, escrow holder, shall return to the second parties (Johnson and wife) a certain mortgage on farm property, as well as a deed to certain property in San Francisco."

Thereafter Johnson and his wife commenced this action to quiet title to a certain lot on Moultrie Street in San Francisco claiming that the "deed to certain property in San Francisco" mentioned in the clause of the agreement above quoted referred to this property.

On the trial Johnson testified that as a part of an earlier settlement of their accounts between himself and Petzold he had delivered a deed of the Moultrie Street property with Petzold as grantee to Webb as escrow holder to hold the deed as security for the payment of a promissory note in Petzold's favor, and that Webb had wrongfully delivered this deed to Petzold who had caused it to be recorded on March 25, 1931.

In defence the note in question was introduced in evidence. It contained the following provision:

"This note is secured by an unrecorded deed to Munich Street property and unrecorded mortgage on property in Madera County, which are to be recorded on default."

Admittedly the Munich Street property referred to in this provision of the note was also located in San Francisco, and there is no dispute that the "mortgage on property in Madera County" is the "mortgage of farm property" which by the agreement of October 7, 1933, was to be returned to Johnson by Webb as escrow holder.

Johnson testified that the provision of the promissory note that it was secured by an unrecorded deed to Munich Street property was not in the note when he signed it. This was contradicted by Webb who testified that the note as introduced into evidence was in the same condition as when Johnson signed it.

Petzold and Webb both testified that as a part of the 1931 settlement a deed to the Moultrie Street property was delivered to Petzold by Johnson in part satisfaction of her claims against Johnson and that Johnson at that time told Petzold to record it. The trial court found in accordance

with this testimony that the deed to the Moultrie Street property was delivered to Petzold by Johnson in payment of a previous indebtedness and not as security. This finding, supported by competent evidence, was sufficient to dispose of the case since it met the contention of Johnson that the deed to the Moultrie Street property was delivered by him to Webb to hold in escrow as security for his promissory note and by Webb was wrongfully delivered to Petzold. With that claim so disposed of it is obvious that the provision of the settlement "that F. R. Webb, escrow holder, shall return to the second parties ... a deed to certain property in San Francisco" could not refer to the deed to the Moultrie Street property, which the trial court found not to have been delivered to Webb as "escrow holder" but to Petzold absolutely in satisfaction of a debt.

It was Petzold's testimony, which was supported by the provision of the note quoted above, that it was the agreement of the parties in 1931 that Johnson should deliver a mortgage of the Madera County property and a deed to the Munich Street property to Webb as escrow holder to record them upon any default of Johnson in the payment of the note as provided in the provision of the note quoted herein. However, Webb could not remember whether a deed to the Munich Street property had ever been delivered to him and appellants seize upon this uncertainty to argue that since it does not appear that any deed to San Francisco property was ever delivered by Johnson except that to the Moultrie Street property the deed to that property must have been the one referred to as "a deed to certain property in San Francisco" in the settlement of 1933.

Petzold's testimony on this matter is clear that a deed to the Munich Street property was to be delivered to Webb to hold in escrow, that she believed that this deed had been so delivered to Webb, and that it was this deed that was referred to in the settlement of 1933 as "a certain deed to San Francisco property."

The appeal presents no more than the familiar case of findings on conflicting evidence by which this court is concluded.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.